UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| V. JOHN CROSS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:06CV454 RWS |
| ST. LOUIS AREA JOBS WITH JUSTICE, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff V. John Cross has filed this lawsuit against his former employer, St. Louis Area Jobs with Justice, asserting a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendant St. Louis Area Jobs with Justice filed a motion to dismiss asserting that it is not liable under Title VII because it does not qualify as an employer under that statute. Because I considered documents outside of the pleadings I have treated St. Louis Area Jobs with Justice's motion to dismiss as a motion for summary judgment. I will grant St. Louis Area's Jobs with Justice's motion because it did not employ fifteen or more employees during the relevant time period which is an essential element for liability under Title VII.

*Background*

According to the documents Cross filed with his Complaint, Cross was hired by St. Louis Area Jobs with Justice on January 1, 2005 as a community organizer. Cross indicated in his EEOC questionnaire that he was fired on August 1, 2005. Yet it appears from his "Brief of Events" filed with his Complaint that he "never received any notice of termination, but my paycheck stopped in April 2005." Cross claims that the termination of his employment was a

result of impermissible discrimination based on his race, national origin and age[1].  Cross also indicated in his EEOC questionnaire that St. Louis Area Jobs with Justice had three employees.

Defendant St. Louis Area Jobs with Justice is a coalition of local community, labor, student, and religious groups committed to fighting for economic justice.  It is a tax-exempt, 501(c)(3) organization which is run by a volunteer board of directors.  It is affiliated with a national support network for workers' rights.  There is a national Jobs with Justice entity and local Jobs with Justice entities in communities throughout the United States.

St. Louis Area Jobs with Justice employed two employees during the year 2004.  It had five employees during the year 2005.  It has never employed more than five employees in any calendar year.

Jobs with Justice has moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and (6).  It argues that because it has less than fifteen employees it is not deemed an employer under Title VII.

On May 25, 2006, the parties appeared before me for a Rule 16 scheduling conference. St. Louis Area Jobs with Justice raised the issue of its motion to dismiss.  The parties discussed the issue of how many people were employed by St. Louis Area Jobs with Justice.  The parties expressly raised the threshold issue of whether Jobs with Justice was deemed an employer under Title VII.  In its motion to dismiss, St. Louis Area Jobs with Justice submitted the affidavit of its Director which stated that the number of people employed by St. Louis Area Jobs with Justice

---

[1] Cross's Complaint brought his claims under Title VII only.  That statute does not cover age discrimination claims.  Even if Cross had brought an age discrimination claim under the Age Discrimination in Employment Act it would also be dismissed because that statute only applies to employers who have twenty or more employees.  29 U.S.C. § 630(b).

was no more than five people in any calendar year. Because I would consider this document in reaching a decision on Defendant's motion to dismiss, I treated the motion to dismiss as a motion for summary judgment as is required by Federal Rule of Civil Procedure 12(b). Accordingly, I gave Cross two weeks to submit material in response Defendant's motion. On June 8, 2006, I granted Cross's motion for an additional week to file his response to the motion to dismiss. Cross filed his response on June 16, 2006. Defendant filed a reply brief on June 22, 2006. On July 12, 2006, Cross submitted additional materials in a sur-reply brief. On July 17, 2006, Defendant filed a motion to strike Cross's sur-reply because Cross did not obtain leave to file a sur-reply.

### *Legal Standard*

If, on a motion to dismiss, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment under Fed. R. Civ. P. 56. Because I have considered matters submitted by the parties which are outside of the pleadings, St. Louis Area Jobs with Justice's motion to dismiss shall be treated as a motion for summary judgment.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the

movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

Only an "employer" is subject to liability under Title VII. Under that statute, an employer is a "person engaging in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). A defendant's status as an employer is a prerequisite to liability under Title VII. The "employee-numerosity" requirement of Title VII is not a jurisdictional threshold but is merely "an element of plaintiff's claim for relief...." Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1245 (2006). The relevant time period in the present case to determine the employee-numerosity requirement is 2005 and 2005 (the year Cross claims Defendant committed unlawful discrimination and the previous year). 42 U.S.C. § 2000e(b).

Lara Granch is the Director of St. Louis Area Jobs with Justice. She has filed an affidavit that states that St Louis Area Jobs with Justice employed only two employees in 2004 and employed only five employees in 2005. According to her affidavit, Granch reports to the local voluntary Board of Directors for St. Louis Area Jobs with Justice. Granch is responsible for handling all of the payroll paperwork for all of the employees of St. Louis Area Jobs with Justice.

Although it is undisputed that St. Louis Area Jobs with Justice employs less than fifteen people, Cross asserts that because St. Louis Area Jobs for Justice is affiliated with a national

-4-

entity and with Jobs with Justice coalitions in other cities, the employees of all of the affiliates should be counted toward the employee-numerosity requirement of Title VII.

The question before me is whether Cross has produced evidence which creates an issue of fact as to whether St. Louis Area Jobs with Justice is sufficiently related the other Jobs with Justice entities to be considered a single employer. Separate entities can be consolidated to meet the Title VII employee-numerosity requirement based on the following factors: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. Artis v. Francis Howell North Band Booster Ass'n, Inc., 161 F.3d 1178, 1184 (8th Cir. 1998).

In support of his assertion that other Jobs with Justice is sufficiently related to other Jobs for Justice entities, Cross has submitted St. Louis Area Jobs with Justice mission statement which states that "Jobs with Justice is part of a national support network for worker's rights. St. Louis Jobs with Justice will participate in nationally coordinated activities and support JWJ coalitions in other parts of the country." This mission statement does not address any of the four criteria in Artis. The fact that St. Louis Area Jobs for Justice may participate in nationally coordinated activities does not create a fact issue as to whether the Jobs for Justice entities are so intertwined as to be deemed a single employer.

Cross asserts that St. Louis Area Jobs with Justice "used the National Jobs with Justice 501(C)3" status from 1999 to 2003. According to Defendant, it obtained its own 501(c)(3) tax status in December 2003. As a matter of law, St. Louis Area Jobs with Justice's use of its national affiliate's tax status from 1999 to 2003 is not relevant in this matter. Title 42 U.S.C. § 2000e(b) limits the relevant period to the years 2004 and 2005.

Cross has also submitted several hundred pages of documents in an attempt to create a factual issue about the relationship between St. Louis Area Jobs with Justice and its other affiliates. These documents simply establish that the affiliated Jobs for Justice entities attempt to work with each other to support their efforts. None of the documents provide facts that address the four factors expressed in Artis. Cross has not submitted any evidence of common ownership or financial control of these entities. There is not any evidence of common management of the affiliate entities or a centralized control of labor relations. Nor has Cross introduced evidence of an interrelation of operations between the entities that raises an inference that the national entity or any of the other affiliates is a single employer of the employees of St. Louis Area Jobs with Justice organization.

Moreover, Cross's arguments focus primarily on national Jobs with Justice's alleged control of the local coalitions. However, Cross has failed to offer any evidence of how many people are employed by national Jobs with Justice. As a result, he has failed to present evidence that would establish Title VII's employee-numerosity requirement.[2]

On July 17, 2006, Cross filed a sur-reply without leave of Court. This sixty-five page document was filed twenty-five days after Defendant filed its reply brief. St. Louis Area Jobs for Justice has filed a motion to strike Cross's sur-reply. I will grant that motion. Cross had a full and fair opportunity to present his evidence in support of his claim in his response brief. Moreover, Cross's sur-reply does not offer facts that support a finding of a single employer status

---

[2] To the extent such information is contained somewhere in the voluminous documents that Cross has submitted, this information has not been made apparent by Cross. A Court is not under an obligation to sift through documents in a quest to uncover and speculate on evidence of genuine issues of material fact that would defeat a motion for summary judgment. Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996)

for the entities that are part of the Jobs with Justice coalition under the Artis factors.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant St. Louis Area Jobs with Justice 's Motion to strike Plaintiff's sur-reply brief filed on July 17, 2006 [#24] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant St. Louis Area Jobs with Justice's motion for summary judgment (styled a motion to dismiss) [#6] is **GRANTED**.

						_____
						RODNEY W. SIPPEL
						UNITED STATES DISTRICT JUDGE

Dated this 18th day of July, 2006.